**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-2162**

---

OLIVER OKONDA SHUNGU, a/k/a Oliver Okonda
Shongo, a/k/a Likusa Yowa,

                    Petitioner,

     versus

ALBERTO R. GONZALES, Attorney General,

                    Respondent.

---

On Petition for Review of an Order of the Board of Immigration
Appeals. (A78-151-923)

---

Submitted: May 31, 2005          Decided: August 8, 2005

---

Before TRAXLER, KING, and GREGORY, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

David H. Remes, Gregory M. Lipper, COVINGTON & BURLING, Washington,
D.C., for Petitioner. Peter D. Keisler, Assistant Attorney
General, James A. Hunolt, Senior Litigation Counsel, Margaret A.
O'Donnell, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.,
for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Oliver Okonda Shungu, a native and citizen of the Democratic Republic of Congo, petitions for review of a decision of the Board of Immigration Appeals (Board) affirming the immigration judge's denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Shungu contends that the Board did not give adequate weight to some portions of his evidence and engaged in speculation in finding that Shungu and his prime witness were not credible.

We will reverse the Board only if the evidence "was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (quoting INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992)). Credibility determinations of the immigration judge and the Board are entitled to deference as long as they are supported by substantial evidence. See Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989). We have reviewed the evidence of record, the immigration judge's decision, and the Board's order, and we conclude that there is substantial evidence in the record to support the immigration judge's finding that the testimony was not credible. We further find that substantial evidence supports the conclusion that Shungu failed to establish the past persecution or well-founded fear of future persecution necessary to establish eligibility for asylum. See 8 C.F.R. § 1208.13(a) (2005) (stating

that the burden of proof is on the alien to establish eligibility for asylum); Elias-Zacarias, 502 U.S. at 483 (same).

Substantial evidence supports the Board's denial of withholding of removal as well. "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). As Shungu is not eligible for asylum, he fails to qualify for withholding of removal.

Protection under the CAT is generally granted in the form of withholding of removal. See 8 C.F.R. § 1208.16(c) (2005). An applicant must establish that it is more likely than not that he would be tortured if removed to the proposed country of removal. 8 C.F.R. § 1208.16(c)(2). Again, we find that the Board's finding is supported by substantial evidence.

Accordingly, we deny Shungu's petition for review. We deny Shungu's "Emergency Motion for Stay of Removal Pending Resolution of Appeal" as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

- 3 -